≋JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BEVERLY SHAND-PISTILLI

**DEFENDANTS**
PROFESSIONAL ACCOUNT SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1692
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

**DATE** 4/23/2010

**SIGNATURE OF ATTORNEY OF RECORD** [signature]

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 773 White Pine Lane, Pottstown, PA 19464

Address of Defendant: 7100 Commerce Way, Suite 180, Brentwood, TN 37027

Place of Accident, Incident or Transaction: 773 White Pine Lane, Pottstown, PA 19464
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases  15 U.S.C § 1692
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/23/2010     Craig Thor Kimmel     57100
                    Attorney-at-Law       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/23/2010     Craig Thor Kimmel     57100
                    Attorney-at-Law       Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Beverly Shad-Pistilli : CIVIL ACTION
v. :
Professional Account Services, : NO.
Inc.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

4/23/2010          Craig Thor Kimmel          Beverly Shad-Pistilli
**Date**          **Attorney-at-law**          **Attorney for**

(215) 540-8888      (215) 540-8817           Kimmel@creditlaw.com
**Telephone**         **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

BEVERLY SHAND-PISTILLI, )
)
      Plaintiff )
) Civil Action No.:
v. )
) COMPLAINT AND DEMAND FOR
PROFESSIONAL ACCOUNT ) JURY TRIAL
SERVICES, INC., )
      Defendant ) (Unlawful Debt Collection Practices)
)
)

## COMPLAINT

NOW COMES the Plaintiff, BEVERLY SHAND-PISTILLI, by and through her attorneys, KIMMEL & SILVERMAN, PC, for her complaint against the Defendant, PROFESSIONAL ACCOUNT SERVICES, INC., Plaintiff states as follows:

### I.   JURISDICTION & VENUE

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

- 1 -

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business within the State of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## II.  PARTIES

6. BEVERLY SHAND-PISTILLI, (hereinafter, "Plaintiff") is an individual who was at all relevant times a resident of Pottstown, Pennsylvania.

7. PROFESSIONAL ACCOUNT SERVICES, INC., (hereinafter, "defendant") is a business entity engaged in the collection of debts and incorporated in the State of Tennessee with a business address located at 7100 Commerce Way, Suite 180, Brentwood, TN, 37027-2851.

8. At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. At all relevant times, Defendant acted as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

### III. PRELIMINARY STATEMENT

10. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection

of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

13. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## IV. ALLEGATIONS

14. At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to a third party.

15. The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

16. Beginning on or around January 1, 2010, Defendant, its agents, employees, etc., engaged in debt collection activities seeking payment from Plaintiff.

17. Defendant, by and through a female caller identifying herself as "Heather", demanded that Plaintiff, pay off the balance allegedly due.

18. Defendant, its agents and employees harassed the Plaintiff by making continuous calls to her home number from (800)755-5152, as late as 8:58pm. The undersigned has confirmed that this number belongs to defendant.

19. Plaintiff told Defendant to stop contacting her; however, Defendant ignored Plaintiff's instructions and continued to contact her.

20. On or about January 12, 2010, Defendant mailed a letter to Plaintiff that sought payment for a debt allegedly owed to a third party. (*See Plaintiff's Exhibit A*). Plaintiff disputes that the debt is owed.

21. Plaintiff never contracted with any company named "Professional Account Services, Inc." or agreed to any obligation to a "Professional Account Services, Inc.".

22. On or about January 27, 2010, Defendant mailed a letter to Plaintiff stating it had contacted her employer and verified her employment status. (*See Plaintiff's Exhibit B*).

23. Most recently, on March 24, 2010, Defendant contacted Plaintiff's husband on their home phone number and told him that "they were trying to collect a debt owed by his wife".

24. Defendant continues to attempt to collect the alleged debt.

## CONSTRUCTION OF APPLICABLE LAW

25. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

- 6 -

PLAINTIFF'S COMPLAINT

26. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

27. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

PLAINTIFF'S COMPLAINT

## COUNT I
*(Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.)*

28. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Defendant violated FDCPA §1692c(a)(1), when it contacted the Plaintiff at an unusual time or place or a time and place known or should be known to be inconvenient to the Plaintiff in connection with the collection of a debt;

   b. Defendant violated FDCPA §1692c(b), when it communicated with third parties without prior consent of the consumer;

   c. Defendant violated FDCPA §1692d, when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   d. Defendant violated the FDCPA §1692d(5), when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

   e. Defendant violated the FDCPA §1692e, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

   f. Defendant violated the FDCPA §1692f, through its agents and employees, by using unfair and deceptive means to collect a debt; and

   g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

## V. JURY DEMAND

29. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BEVERLY SHAND-PISTILLI, by and through her attorneys, respectfully pray for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for each violation;

    c.    Plaintiff's attorneys' fees and costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED,

DATED: March 23, 2010    KIMMEL & SILVERMAN, P.C..

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT

| | |
|---|---|
| PO BOX 188 | IF PAYING BY MASTERCARD, DISCOVER, VISA OR AMERICAN EXPRESS, FILL OUT BELOW. |
| BRENTWOOD TN 37024 | ☐ MASTERCARD ☐ DISCOVER ☐ VISA ☐ AMERICAN EXPRESS |

| CARD NUMBER | AMOUNT |
|---|---|
| SIGNATURE | EXP DATE |

| STATEMENT DATE | ACCOUNT NUMBER |
|---|---|
| 01/12/10 | 8930140-1876 |

| DUE DATE | CURRENT AMOUNT DUE | $ AMOUNT ENCLOSED |
|---|---|---|
| | $673.31 | |

0101

1385 01   8930140-1876/101
BEVERLY T SHANDPISTILLI
773 WHITE PINE LANE
POTTSTOWN, PA 19464

PROFESSIONAL ACCOUNT SERVICES, INC
PO BOX 188
BRENTWOOD, TN 37024-0188

You can now pay over the Internet! Pay on the web at www.pasionline.com.
Enter 1357672 as your UserID. Enter 8930140-1876 as your password.

Detach upper portion and return with payment.

| Patient Name | Account Number | Statement Date | Amount Due |
|---|---|---|---|
| BEVERL SHANDPISTILLI | 8930140-1876/101 | 01/12/10 | $673.31 |

## Please Read Carefully...

RE: Pottstown Memorial Medical Center

Your account has been placed with this collection agency for collection.

Please detach the top portion of this letter and include it with your payment in full or contact our office to discuss this account. 1-800-755-5152

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor if different from the current creditor.

For questions please call 1-800-755-5152 and ask for EXT 8500.

| Account # | Date of Svc | Account Balance |
|---|---|---|
| 8930140 | 09/15/09 | 673.31 |

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

NORTH CAROLINA DEPARTMENT OF INSURANCE PERMIT #2036

THIS COLLECTION AGENCY IS LICENSED BY THE TENNESSEE COLLECTION SERVICE BOARD, STATE DEPARTMENT OF COMMERCE AND INSURANCE.

Professional Account Services, Inc., 7100 Commerce Way, Suite 100, Brentwood, TN 37027 (615) 465-3998

Office Hours: 8:00AM CST to 10:00PM CST

Si Habla' Espanol Y Necesita Traduccion Llame' al 1-800-755-5152

**PLAINTIFF'S EXHIBIT A**

28-PASILTR-418933-569449809-P; 2556533-1-1385; 30381330-1; 1385

| | |
|---|---|
| PO BOX 188<br>BRENTWOOD TN 37024 | **IF PAYING BY MASTERCARD, DISCOVER, VISA OR AMERICAN EXPRESS, FILL OUT BELOW.**<br>☐ MASTERCARD  ☐ DISCOVER  ☐ VISA  ☐ AMERICAN EXPRESS<br>CARD NUMBER / AMOUNT<br>SIGNATURE / EXP DATE |


0101

| STATEMENT DATE | ACCOUNT NUMBER |
|---|---|
| 01/27/10 | 8930140-1876 |
| DUE DATE | CURRENT AMOUNT DUE | $ AMOUNT ENCLOSED |
| 02/11/10 | $673.31 | |

41801    8930140-1876/118
BEVERLY T SHANDPISTILLI
773 WHITE PINE LANE
POTTSTOWN, PA 19464

PROFESSIONAL ACCOUNT SERVICES, INC.
PO BOX 188
BRENTWOOD TN 37024-0188

You can now pay over the Internet! Pay on the web at www.pasionline.com.
Enter 1357672 as your UserID. Enter 8930140-1876 as your password.

Detach upper portion and return with payment.

| Patient Name | Account Number | Statement Date | Amount Due |
|---|---|---|---|
| BEVERL SHANDPISTILLI | 8930140-1876/118 | 01/27/10 | $673.31 |

**Please Read Carefully...**

RE Pottstown Memorial Medical Center:

THIS NOTICE IS TO ADVISE YOU THAT WE HAVE VERIFIED YOUR EMPLOYMENT WITH:

> NORRISTOWN ST HOSP
> 133 W MAIN ST
> NORRISTOWN, PA 19401
> 610-310-1043

CURRENT EMPLOYMENT INDICATES YOU HAVE THE ABILITY TO MAKE SUITABLE ARRANGEMENTS TO PAY THIS DEBT.

PLEASE CONTACT OUR OFFICE @ 800-755-5152 ext.8666 SO WE CAN DISCUSS YOUR ACCOUNT.

| Account # | Date of Svc | Account Balance |
|---|---|---|
| 8930140 | 09/15/09 | 673.31 |

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

NORTH CAROLINA DEPARTMENT OF INSURANCE PERMIT #2036

THIS COLLECTION AGENCY IS LICENSED BY THE TENNESSEE COLLECTION SERVICE BOARD, STATE DEPARTMENT OF COMMERCE AND INSURANCE.

Professional Account Services, Inc., 7100 Commerce Way, Suite 100, Brentwood, TN 37027 (615) 465-3998

Office Hours: 8:00AM CST to 10:00PM CST

Si Habla' Espanol Y Necesita Traduccion Llame' al 1-800-755-5152


PLAINTIFF'S EXHIBIT B