IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY SHAND-PISTILLI | : | CIVIL ACTION |
| | : | NO. 10-CV-1808 |
| v. | : | |
| | : | |
| PROFESSIONAL ACCOUNT | : | |
| SERVICES, INC. | : | |

O'NEILL, J.                                                                                    JULY 26, 2010

## MEMORANDUM

Plaintiff Beverly Shand-Pistilli filed a complaint against defendant Professional Account Services, Inc. on April 23, 2010 seeking damages, costs and attorney's fees for defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq.  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure defendant has filed a motion to dismiss the complaint for failure to state a claim under the FDCPA.  Presently before me are defendant's motion to dismiss, plaintiff's response and defendant's reply.  For the following reasons, I will grant in part and deny in part defendant's motion.

## BACKGROUND

Beginning on January 1, 2010, defendant made multiple calls to plaintiff's home and demanded that plaintiff pay the balance due for a debt allegedly owed to a third party.  On at least one occasion defendant called as late as 8:58 pm.  Compl. ¶ 18.  Despite plaintiff's request that defendant stop calling her at home the calls continued.  Compl. ¶ 19.  Defendant continues to attempt to collect the alleged debt.  Compl. ¶ 24.

Defendant mailed letters to plaintiff's home dated January 12 and January 27, 2010.  The January 12 letter reads as follows:

RE: Pottstown Memorial Medical Center
Your account has been placed with this collection agency for collection.

Please detach the top portion of this letter and include it with your payment in full or contact our office to discuss this account.
1-800-755-5152.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor if different from the current creditor.

For questions please call 1-800-755-5152 and ask for EXT 8500.

The January 27 letter informed plaintiff that defendant had contacted her employer and "verified" her employment status with Norristown State Hospital. Compl. ¶ 22. The letter further explained defendant's belief that plaintiff's current employment indicates that she has the ability to pay her debt. Id.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," although plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption

2

that all of the allegations in the complaint are true (even if doubtful in fact)." Id., citations omitted.

The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), citing Iqbal, 129 S. Ct. at 1949. "To prevent dismissal, civil complaints must set forth 'sufficient factual matter' to show that the claim is facially plausible." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." Iqbal, 129 S. Ct. at 1949, internal quotations omitted. The Court also set forth a two part analysis for reviewing motions to dismiss in light of Twombly and Iqbal: First the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well pleaded factual allegations as true , but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-211 (quoting Iqbal, 129 S. Ct. at 1950). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-235 (3d Cir. 2008)). "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

Congress enacted the FDCPA in 1977 after recognizing the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress noted its concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy." Id. In response to the inadequacy of remedies available to consumers subjected to such practices, Congress enacted the FDCPA. § 1692(b). The three-prong purpose of the act is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." § 1692(e). To accomplish these goals, Congress provided consumers with a private cause of action against debt collectors who fail to comply with the Act's provisions. § 1692k. A prevailing plaintiff under the act is entitled to an award of damages, costs of suit and reasonable attorneys' fees. Id.

Plaintiff alleges that defendant has violated six specific sections of the FDCPA and was otherwise deceptive and failed to comply with its provisions. Defendant asserts several reasons for dismissal. I will discuss them each in turn.

**A.      Defendant's Call at 8:58 p.m.**

Defendant asserts that plaintiff cannot state a claim for relief under 15 U.S.C. § 1692c(a)(1). That section provides in relevant part:

> Without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent

4

> jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should have been known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location[.]

15 U.S.C. § 1692c(a)(1). The FDCPA is a remedial statute and its language is construed broadly so as to effect its purpose. See Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006) (citing Hamilton v. United Healthcare of La., 310 F.3d 385, 392 (5th Cir. 2002)). Under section 1692c(a)(1) a consumer may request that debt collectors cease calling at any time or place known to be inconvenient including the consumer's home. See Brzezinski v. Vital Recovery Servs., Inc., Civ. A. No. 05-1020, 2006 WL 1982501 at * 6 (E.D. Wis. July, 12 2006). Accordingly, section 1692c(a)(1) places the burden upon a debt collector to cease communicating with consumers at times and places known to be inconvenient. Id. at *5. Furthermore, the willful and repeated disregard of a consumer's requests to cease calling at an inconvenient time or location constitutes a violation of section 1692c(a)(1). See Austin v. Great Lakes Collection Bureau, Inc., 834 F. Supp. 557, 559 (D. Conn. 1993).

Defendant correctly asserts that section 1692c(a)(1) presumes that any time between the hours of 8:00 a.m. and 9:00 p.m. is a convenient time for communicating with the consumer. Def.'s Mem. 4. This assumption is appropriate only in "the absence of knowledge of circumstances to the contrary." § 1692c(a)(1). Plaintiff alleges that she asked defendant to cease calling, but the calls persisted and have occurred as recently as March 24, 2010. Compl. ¶¶ 18-19, 23, 24. However, plaintiff has not alleged that by this communication defendant knew or

should have known that calls to her home at any time would be inconvenient. I will grant defendant's motion to dismiss but will also grant plaintiff leave to amend her complaint.

**B.      Defendant's Communications with Third Parties**

Plaintiff alleges that defendant contacted her employer and verified her employment status in violation of section 1692c(b). Defendant asserts that there can be no violation of section 1692c(b) because it did no more than verify plaintiff's employer and employment status.[1]

The FDCPA prohibits debt collectors from communicating with third parties "in connection with the collection of any debt" except to acquire "location information." 15 U.S.C. § 1692c(b). The term "location information" is defined as "a consumer's place of abode and his telephone number at such place, or his place of employment." § 1692a(7). Communication "means the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). Thus, a debt collector may not seek additional information about the consumer's job including earnings information or salary, or even ask whether an individual is currently employed because such information is beyond the scope of location information. See Henderson v. Eaton, Civ. A. No. 01-0138, 2001 U.S. Dist. LEXIS 13243, at *7 (E.D. La. Aug. 23, 2001); Shaver v. Trauner, Civ. A. No. 97-1309, 1998 U.S. Dist. LEXIS 19647, at *6 (C.D. Ill. May 29, 1998). Once a debt collector has acquired location information it may not contact third parties for information it already has in its possession. See FTC Official Staff Commentary, § 805(b)2 ("[A] debt collector may not call third parties under the pretense of gaining

---

[1] On March 24, 2010, defendant allegedly contacted plaintiff's husband on their home phone number and told him that it was trying to collect a debt from his wife. Compl. ¶ 23. The FDCPA permits debt collectors to communicate with the consumer or the consumer's spouse. §§ 1692c(b) and (d). The parties do not dispute that plaintiff may not state a claim under this section by alleging that defendant communicated with her husband.

information already in its possession.")

Plaintiff adequately alleged that defendant contacted her employer in violation of section 1692c(b). In a letter to plaintiff, defendant stated it has "contacted her employer and verified her employment status." Compl. ¶ 22. Defendant's inquiry into plaintiff's current employment status goes beyond the boundaries of location information and may imply the existence of a debt to the employer. Plaintiff's allegations are sufficient to state a claim that defendant communicated with her employer in violation of the FDCPA by indirectly conveying the existence of plaintiff's debt when asking about plaintiff's current employment status. Accordingly, I will deny defendant's motion to dismiss the section 1692c(b) claim.

## C.    Defendant's Repeated Telephone Calls

Defendant asserts that plaintiff has failed to state a sufficient claim under section 1692d, which prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d. A debt collector may not "caus[e] a telephone to ring or engag[e] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." §1692d(5). "Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." Akalwadi v. Risk Mgmt. Alt., Inc., 336 F. Supp. 2d 492, 505 (D. Md. 2004); see also Kerwin v. Remittance Assistance Corp., 559 F. Supp. 2d 1117, 1124 (D. Nev. 2008) ("Intent to annoy, abuse or harass may be inferred from the frequency of phone calls. . ."); Sanchez v. Client Serv., Inc., 520 F. Supp. 2d 1149, 1161 (N.D. Cal. 2007) (recognizing that the number and frequency of calls can show intent to annoy); Chiverton v. Fed. Fin. Grp., Inc., 399 F. Supp. 2d 96, 104 (D. Conn. 2005) (finding a violation

where the defendant telephoned the plaintiff after being told at least 20 times over three months by the plaintiff to stop calling); Bingham v. Collection Bureau Inc., 505 F. Supp. 864, 873 (D.N.D. 1981) (acknowledging that a call by a collection agency immediately following a prior call could establish harassment).

Plaintiff alleges that defendant has violated sections 1692d and 1692d(5) by causing "plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse the plaintiff." Compl. ¶ 28(d). Defendant argues that the allegations are insufficient to state a claim under the Twombly standard because they are "a formulaic recitation of the elements of a cause of action of action [which] will not do." Twombly, 550 U.S. at 555. I disagree. Plaintiff alleges "continuous calls" to her home from a telephone number owned by defendant. Compl. ¶ 18. Plaintiff asserts further that she asked defendant to stop contacting her but defendant refused to do so. Compl. ¶ 19. The law is clear that under such circumstances I may infer that the calls were made with the intent to harass or annoy. § 1692d(5) (stating that "[c]ausing a telephone to ring. . . continuously with intent to annoy, abuse, or harass any person at the called number"); Kerwin, 559 F. Supp. 2d at 1124. Therefore, plaintiff's allegations are factually sufficient to support a plausible claim of relief under section 1692d(5).

**D.      Defendant's Letters to Plaintiff**

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of a debt." § 1692e. Based on the facts alleged in plaintiff's complaint, I find she has not asserted a plausible claim upon which relief can be granted under this provision.

In considering FDCPA claims, communications between debtors and collection agencies

must be analyzed from the perspective of the "least sophisticated debtor." See Brown, 464 F.3d at 453. "[T]he basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." Id. (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). "As Justice Black has observed, our laws 'are made to protect the trusting as well as the suspicious,' and this is particularly the case within the realm of consumer protection laws." Id. at 453 (quoting Federal Trade Comm'n v. Standard Educ. Soc'y, 302 U.S. 112, 116 (1937)). The least sophisticated debtor standard, while protecting the naive consumer, also "prevents liability for bizarre and idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Wilson v. Quadramed Corp., 225 F.3d 350, 354-355 (3d Cir. 2000) (quoting United States v. Nat'l Fin. Serv., Inc., 98 F.3d 131, 136 (4th Cir. 1996) (citing Clomon, 988 F.2d at 1318)). A debt collection letter is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. Id. at 354 (citation omitted).

Plaintiff argues in her response that the two letters are deceptive because they can reasonably be read to have more than one meaning.[2] The January 12, 2010 letter informs

_____

[2] Plaintiff also asserts that defendant's collection letters are misleading and deceptive because they refer to plaintiff as "patient" and to an account with defendant for services performed on "9/15/09." Pl.'s Mem. 14. Contrary to plaintiff's assertions, neither the January 12, 2010, letter nor the January 27, 2010, refer to plaintiff as patient. Compl. Ex. A, B. The top line of both January 12 and January 27, 2010 letters says "RE: Pottstown Memorial Medical Center." Compl. Ex. A, B. The January 12, 2010, letter clearly states that plaintiff's "account has been placed with this collection agency for collection." Compl. Ex. A. In light of the least sophisticated debtor standard it is clear that the letters are from a collection agency, collecting a debt owed to Pottstown Memorial Hospital. Therefore, plaintiff should have known that both

plaintiff of her rights regarding the alleged debt:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor if different from the current creditor.

Compl. Ex. A. The plaintiff has a full 30 days "from receiving notice" to request in writing both debt validation and debt ownership information. See § 1692g(a)(5). The letter clearly communicates plaintiff's rights as required by section 1692g. The January 27, 2010 letter indicates a due date of February 11, 2010. Compl. Ex. B. A due date of February 11, 2010 would presume that plaintiff received the first letter on January 13, 2010. In order for the second letter to have violated section 1692e, plaintiff must have received the first letter on or later than January 14, 2010. If so, the February 11 due date would have been false or misleading. However, plaintiff has not averred that the January 12, 2010 letter arrived after January 13, 2010. In fact plaintiff makes no reference to the date of receipt of the letter at all. Accordingly, I will grant defendant's motion to dismiss this claim.

**E.      Unfair or Unconscionable Attempts To Collect the Debt**

Section 1692f provides in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The provision describes eight types of specific conduct that violates this section of the FDCPA. A complaint will be deemed

---

letters were from a collection agency seeking payment for an alleged visit to Pottstown Memorial Medical Center on 9/15/2009.

deficient under this provision if it "does not identify any misconduct beyond which plaintiffs assert violate other provisions of the FDCPA." <u>Foti v. NCO Fin. Sys., Inc.</u>, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006); <u>see</u> <u>also</u> <u>Tsenes v. Trans-Cont'l Credit and Collection Corp.</u>, 892 F. Supp. 461, 466 (E.D.N.Y. 1995).

As discussed above, plaintiff alleges that defendant's letters, repeated calls and failure to cease communications at times known to be inconvenient to plaintiff have violated other provisions of the FDCPA. Plaintiff's failure to allege other conduct that was unfair and unconscionable under section 1692f warrants dismissal of this claim.

**F.    "Otherwise Deceptive" Acts**

Plaintiff's assertion that defendant "was otherwise deceptive and failed to comply with the provisions of the FDCPA," Compl. ¶ 28(g), is insufficient to support this claim. Plaintiff does not allege how defendant violated the provisions of the FDCPA beyond the previous allegations described above.

In accordance with my holdings above, defendant's motion to dismiss will be granted in part and denied in part. I will also grant plaintiff leave to amend her complaint.

An appropriate Order follows.