UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY SHAND-PISTILLI,<br><br>  Plaintiff<br><br>v.<br><br>PROFESSIONAL ACCOUNT SERVICES, INC.,<br>  Defendant | Civil Action No.: 2:10-cv-01808-TON<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>(Unlawful Debt Collection Practices) |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, BEVERLY SHAND-PISTILLI, by and through her attorneys, KIMMEL & SILVERMAN, PC, for her amended complaint against the Defendant, PROFESSIONAL ACCOUNT SERVICES, INC., Plaintiff states as follows:

### JURISDICTION & VENUE

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business within the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. BEVERLY SHAND-PISTILLI (hereinafter "Plaintiff") is an individual who was at all relevant times a resident of Pottstown, Pennsylvania.

7. PROFESSIONAL ACCOUNT SERVICES, INC. (hereinafter "Defendant") is a business entity engaged in the collection of debts and incorporated in the State of Tennessee with a business address located at 7100 Commerce Way, Suite 180, Brentwood, TN, 37027-2851.

8. At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. At all relevant times, Defendant acted as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

## PRELIMINARY STATEMENT

10. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection

of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

13. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## ALLEGATIONS

14. At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to a third party.

15. The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

16. Beginning on or around January 1, 2010, Defendant, its agents, employees, etc., engaged in debt collection activities seeking payment from Plaintiff.

17. Defendant, by and through a female caller identifying herself as "Heather," demanded that Plaintiff pay off the balance allegedly due.

18. Defendant, by and through its agents and employees, harassed Plaintiff by making continuous calls to her home telephone, including contacting her as late as 8:58 p.m.

19. Defendant contacted Plaintiff from (800) 755-5152.

20. The undersigned has confirmed that the telephone number (800) 755-5152 belongs to Defendant.

21. Defendant's repeated telephone calls to Plaintiff's home, including its call at 8:58 p.m., were unwanted, in addition to it being inconvenient for her to receive such calls at her home.

22. Plaintiff instructed Defendant to stop calling her home telephone, stating "Don't call my house anymore."

23. Plaintiff informed Defendant that its "calls to her house" were "unwanted."

24. Defendant, however, ignored Plaintiff's instructions not to contact her at her home and continued to contact her at her home.

25. In addition to calling Plaintiff in its attempts to collect a debt, on or about January 12, 2010, Defendant mailed a letter to Plaintiff seeking payment for the alleged debt. (*See Plaintiff's Exhibit A*). Plaintiff disputes that the debt is owed.

26. Thereafter, on or about January 27, 2010, Defendant mailed a letter to Plaintiff stating it had contacted her employer and verified her employment status. (*See Plaintiff's Exhibit B*).

27. Defendant continues to attempt to collect the alleged debt.

**CONSTRUCTION OF APPLICABLE LAW**

28. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding

unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

29. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

30. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3d Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against

deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
*(Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)*

31. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Defendant violated FDCPA §1692c(a)(1), when it contacted the Plaintiff at an unusual time or place or a time and place known or should be known to be inconvenient to the Plaintiff in connection with the collection of a debt;

   b. Defendant violated FDCPA §1692c(b), when it communicated with third parties without prior consent from Plaintiff;

   c. Defendant violated FDCPA §1692d, when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

   d. Defendant violated the FDCPA §1692d(5), when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff.

## JURY DEMAND

32. Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BEVERLY SHAND-PISTILLI, by and through her attorneys, respectfully pray for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for each violation;

    c.    Plaintiff's attorneys' fees and costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED,

DATED: August 9, 2010    KIMMEL & SILVERMAN, P.C..

By: /s/ Craig Thor Kimmel (CTK 3654)
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

PLAINTIFF'S AMENDED COMPLAINT

MAY-4-2002 02:57 FROM:51 A1 6096 TO:918008631689 P:2/6



0101

PO BOX 188
BRENTWOOD TN 37024

| IF PAYING BY MASTERCARD, DISCOVER, VISA OR AMERICAN EXPRESS, FILL OUT BELOW. | |
|---|---|
| ☐ MASTERCARD ☐ DISCOVER ☐ VISA ☐ AMERICAN EXPRESS | |
| CARD NUMBER | AMOUNT |
| SIGNATURE | EXP DATE |
| STATEMENT DATE 01/12/10 | ACCOUNT NUMBER 8930140-1876 |
| DUE DATE | CURRENT AMOUNT DUE $673.31 | $ AMOUNT ENCLOSED |

1385 01    8930140-1876/101
BEVERLY T SHANDPISTILLI
773 WHITE PINE LANE
POTTSTOWN, PA 19464

PROFESSIONAL ACCOUNT SERVICES, INC
PO BOX 188
BRENTWOOD, TN 37024-0188

You can now pay over the Internet! Pay on the web at www.pasionline.com.
Enter 1357672 as your UserID. Enter 8930140-1876 as your password.
Detach upper portion and return with payment.

| Patient Name | Account Number | Statement Date | Amount Due |
|---|---|---|---|
| BEVERL SHANDPISTILLI | 8930140-1876/101 | 01/12/10 | $673.31 |

### Please Read Carefully...

RE: Pottstown Memorial Medical Center

Your account has been placed with this collection agency for collection.

Please detach the top portion of this letter and include it with your payment in full or contact our office to discuss this account.
1-800-755-5152

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor if different from the current creditor.

For questions please call 1-800-755-5152 and ask for EXT 8500.

| Account # 8930140 | Date of Svc 09/15/09 | Account Balance 673.31 |
|---|---|---|

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

NORTH CAROLINA DEPARTMENT OF INSURANCE PERMIT #2036

THIS COLLECTION AGENCY IS LICENSED BY THE TENNESSEE COLLECTION SERVICE BOARD, STATE DEPARTMENT OF COMMERCE AND INSURANCE.

Professional Account Services, Inc., 7100 Commerce Way, Suite 100, Brentwood, TN 37027 (615) 465-3998

Office Hours: 8:00AM CST to 10:00PM CST

Si Habla' Espanol Y Necesita Traduccion Llame' al 1-800-755-5152

**PLAINTIFF'S EXHIBIT A**

28-PASILTR-418933-589449809-P; 2556533-1-1385; 30381330-1; 1385

PO BOX 188
BRENTWOOD TN 37024



0101

| | |
|---|---|
| IF PAYING BY MASTERCARD, DISCOVER, VISA OR AMERICAN EXPRESS, FILL OUT BELOW. | |
| ☐ MASTERCARD ☐ DISCOVER ☐ VISA ☐ AMERICAN EXPRESS | |
| CARD NUMBER | AMOUNT |
| SIGNATURE | EXP DATE |
| STATEMENT DATE 01/27/10 | ACCOUNT NUMBER 8930140-1876 |
| DUE DATE 02/11/10 | CURRENT AMOUNT DUE $673.31 | $ AMOUNT ENCLOSED |

41801    8930140-1876/118
BEVERLY T SHANDPISTILLI
773 WHITE PINE LANE
POTTSTOWN, PA 19464

PROFESSIONAL ACCOUNT SERVICES, INC
PO BOX 188
BRENTWOOD  TN  37024-0188

You can now pay over the Internet! Pay on the web at www.pasionline.com.
Enter 1357672 as your UserID. Enter 8930140-1876 as your password.
Detach upper portion and return with payment.

| Patient Name | Account Number | Statement Date | Amount Due |
|---|---|---|---|
| BEVERL SHANDPISTILLI | 8930140-1876/118 | 01/27/10 | $673.31 |

## Please Read Carefully...

RE Pottstown Memorial Medical Center:

THIS NOTICE IS TO ADVISE YOU THAT WE HAVE VERIFIED YOUR EMPLOYMENT WITH:

NORRISTOWN ST HOSP
133 W MAIN ST
NORRISTOWN, PA  19401
610-310-1043

CURRENT EMPLOYMENT INDICATES YOU HAVE THE ABILITY TO MAKE SUITABLE ARRANGEMENTS TO PAY THIS DEBT.

PLEASE CONTACT OUR OFFICE @ 800-755-5152 ext.8666 SO WE CAN DISCUSS YOUR ACCOUNT.

| Account # | Date of Svc | Account Balance |
|---|---|---|
| 8930140 | 09/15/09 | 673.31 |

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

NORTH CAROLINA DEPARTMENT OF INSURANCE PERMIT #2036

THIS COLLECTION AGENCY IS LICENSED BY THE TENNESSEE COLLECTION SERVICE BOARD, STATE DEPARTMENT OF COMMERCE AND INSURANCE.

Professional Account Services, Inc., 7100 Commerce Way, Suite 100, Brentwood, TN 37027 (615) 465-3998

Office Hours: 8:00AM CST to 10:00PM CST

Si Habla' Espanol Y Necesito Traduccion Llame' al 1-800-755-5152

PLAINTIFF'S EXHIBIT
B